# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHEILA MARIE CLARK,<br>            Appellant, | DOCKET NUMBER<br>DC-0752-14-0741-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>            Agency. | DATE: December 16, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sheila Marie Clark</u>, Indian Head, Maryland, pro se.

<u>Brian Wilberg</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2        The appellant filed an appeal challenging the agency's decision to revoke her security clearance on June 25, 2013.  Initial Appeal File (IAF), Tab 1.  The record reflects that the appellant was employed in the Senior Executive Service with a Top Secret security clearance, but she was removed from federal service on May 6, 2013, prior to receiving a written decision regarding the proposed revocation of her security clearance.[2]  The appellant alleged that, when the agency revoked her security clearance on June 25, 2013, the procedures used by the agency violated her right to due process.  *Id*.

¶3        The administrative judge noted that the appeal was untimely filed and that, while the appellant had been provided the specific opportunity to submit evidence and argument showing that the Board has jurisdiction over this appeal, the appellant did not respond.  Initial Decision (ID) at 2.  The administrative judge then found that the appellant has no appeal right to the Board to challenge the revocation of her security clearance, whether as to the merits or the procedures used to effect that revocation.  ID at 2-3.  Because the appellant was challenging

---

[2] The appellant filed a separate appeal of her removal, MSPB Docket No. DC-0752-13-0661-I-1, which is pending at the Board's Washington Regional Office.

only the alleged impropriety of the agency's revocation of her security clearance, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 3.

¶4 The appellant has filed a petition for review in which she asserts that the administrative judge erred in stating that her appeal was untimely filed. Petition for Review (PFR) File, Tab 1 at 4. She asserts that her appeal was timely because she filed her appeal within 30 days from the May 9, 2014 date of the agency's final decision on the revocation of her security clearance. *Id.* However, while the administrative judge stated that the appeal was untimely filed, the administrative judge did not dismiss the appeal on this basis. Rather, the administrative judge dismissed the appeal for lack of Board jurisdiction. Thus, the timeliness issue was not determinative in the outcome of this appeal. Further, even if the administrative judge erred in finding her appeal untimely filed, because the administrative judge correctly dismissed this appeal for lack of jurisdiction, the appellant has not shown that her substantive rights were harmed. An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶5 The appellant also contends that the administrative judge erred by finding that she did not respond to either the agency's motion to dismiss for lack of jurisdiction or to the administrative judge's show cause order. PFR File, Tab 1 at 4. The appellant asserts that her response was due on June 18, 2014, and that she e-filed her response on June 17, 2014. *Id.* at 4-5. Thus, she asserts that the administrative judge erred by failing to consider her response prior to issuing the initial decision. *Id.* We agree. While the appellant's response was timely filed on June 17, 2014, and the initial decision was issued on July 11, 2014, the administrative judge stated that the appellant did not respond, and thus she apparently did not consider the appellant's submission. ID at 2. We have therefore considered the arguments in the appellant's response and, for the reasons set forth below, find that the appellant has failed to make the requisite

nonfrivolous allegations to merit a jurisdictional hearing. *See Garza v. Department of the Navy*, 119 M.S.P.R. 91, ¶ 6 (2012).

¶6     On review, the appellant reiterates the argument she raised below that the Board has jurisdiction over her appeal because the agency violated its procedures by revoking her security clearance after she was no longer an agency employee. PFR File, Tab 1; IAF, Tab 8.  The appellant contends that, because she was no longer an agency employee, the agency had no authority to adjudicate her security clearance or to revoke it under agency regulations.  However, as the administrative judge correctly found, the appellant has the right to appeal to the Board an adverse action such as a suspension or removal taken as a result of a revocation of a security clearance, and she has pursued that right in a separate appeal.  Here, the appellant is challenging only the alleged impropriety of the agency's process in revoking her security clearance.  *See* IAF, Tabs 1, 3-7; *see also* PFR File, Tab 1.  However, under *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988), the Board does not have authority to review the substance of the underlying security clearance determination.  Further, as in *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1187 (Fed. Cir. 2013), the appellant has no due process rights regarding the procedures used to determine whether to suspend or revoke her security clearance.  While the appellant has due process rights concerning her removal, her removal is not at issue in this case, and the appellant does not have the right to contest the merits of the decision to revoke her security clearance.  *See Gargiulo*, 727 F.3d at 1187; *see also Cheney v. Department of Justice*, 479 F.3d 1343, 1352 (Fed. Cir. 2007).   Accordingly, the administrative judge correctly dismissed this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this

final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.